IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH ALEXANDER, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| LOUIS FOLINO, | : | NO. 10-4331 |
| Respondent. | : | |

**EXPLANATION AND ORDER**

On August 18, 2010, Petitioner Keith Alexander submitted for filing with the Clerk of this Court a form "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." (Doc. No. 1.) In an Order filed on September 2, 2010, the Honorable Jan E. DuBois referred the case to the undersigned for a Report and Recommendation. (Doc. No. 2.)

In his form petition, Alexander identifies the judgment of conviction that he is challenging, CP-51-CR-0702391-2002 in the Philadelphia Court of Common Pleas, and provides information as to some of the key events in his state court post-conviction proceedings. He also sets forth some of the grounds raised in those proceedings. (*See, e.g.,* Doc. No. 1 at 5-6.) He appears, however, to have misunderstood particularly significant questions found later in the form that are central to our review of his petition, including the following:

> 12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.
>
> CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be

1

> barred from presenting additional grounds at a later date.

(Doc. No. 1 at 8 (emphasis removed).) Following this instruction, where the form lists "**GROUND ONE:** _____," Petitioner responds "N/A." (*Id.*) In the next subsection, (a), where he is asked to list "Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____," he has left the form blank. (*Id.*) Identical portions of the form in which he is asked to set out **"GROUND TWO"** of his petition and the supporting facts are also blank. (*Id.* at 10.) At "**GROUND THREE**," Petitioner has left the "grounds" section blank yet completed the section for "supporting facts," appearing to list several issues that he elsewhere suggested were those raised in his PCRA appeal. (*Id.* at 12.) At "**GROUND FOUR**" of the petition, he repeats those same four issues concerning his PCRA appeal, with one additional issue added. (*Id.* at 13 & 13-reverse.) When asked to set forth "supporting facts" as to that claim, however, he responds "N/A." (*Id.* at 13.)

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas petition "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]" Section 2254 Rules 2(c). Alexander's present petition does not meet these standards and fails to set forth any basis for consideration. In light of this, we must ask Petitioner to re-submit pages 8 through 14 of the petition and to complete, at a minimum, the highlighted portions, setting forth the particular ground(s) upon which he seeks relief and supporting facts as to each ground or claim asserted. *See also generally* 28 U.S.C. § 2254(a) (providing that the federal court shall entertain a state prisoner's application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

We are cognizant of the fact that, along with his petition, Alexander has submitted a Motion for the Appointment of Counsel based upon the fact that he has an IQ score in the "deficient" range and that testing conducted three years ago indicated that he read at the third grade level. Without any information about the basis for Alexander's habeas petition, however, we believe it is premature to assess whether, much less determine that, "the interests of justice . . . require" that representation be provided for him. *See* 18 U.S.C. § 3006A(a)(2). Accordingly, we take his request for counsel under advisement and will rule upon it following review of his completed petition.

AND NOW, this 10th day of September, 2010, in light of the foregoing and pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, **IT IS HEREBY ORDERED THAT** Petitioner shall re-submit to the Clerk of Court, on or before October 15, 2010, responses to the attached pages 8 through 14 of this district's standard petition form and that he shall provide more complete answers to the subsections of Question 12 that address the "ground(s)" for his petition and the supporting facts relating to each claim.

BY THE COURT:

/s/ Timothy R. Rice, USMJ For:
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE