IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH ALEXANDER, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| LOUIS FOLINO, | : | NO. 10-4331 |
| Respondent. | : | |

**EXPLANATION AND ORDER**

On August 18, 2010, Petitioner Keith Alexander submitted for filing with the Clerk of this Court a form "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." (Doc. No. 1.) Accompanying that filing, in a document that does not appear to have been uploaded into the ECF system, he submitted a one-page Motion for Appointment of Counsel, accompanied by a verification and proof of service page, and a "to whom it may concern" letter purporting to be from a Correctional School Principal at SCI Greene dated June 4, 2010 transmitting a PA Department of Corrections DC47C Report concerning Alexander's IQ score (68 on March 29, 1995) and achievement test scores (from May 14, 2007, showing a third grade reading level and second grade math level). Alexander's motion stated that his request for the appointment of counsel was based upon his "educational disability" and "ignoran[ce] [of] the criminal justice system and procedures." He represented that a paralegal assisted him with preparing the motion. He subsequently received the assistance of another inmate who claims he is a "certified Para Legal" in complying with an order that we entered requiring more detailed information on the habeas petition form concerning the nature of his claims. *See* Doc. No. 7.

Upon our initial review of Alexander's petition, which we found to be deficient in its description of the claims that he sought to advance in this forum, we concluded that it was

1

premature to assess whether, or to determine that, "the interests of justice . . . require[d]" that representation be provided for him.  *See* 18 U.S.C. § 3006A(a)(2).  Having received Petitioner's revised form outlining his claims, as well as Respondents' answer to the petition, we are now in a position to rule upon Alexander's motion for appointment of counsel.  We will deny that motion without prejudice, as it does not appear to us at this juncture that the interests of justice require that counsel be appointed to litigate the grounds presented in the revised petition.

On or about December 29, 2010, Petitioner submitted a document entitled "Motion for Extension of 45# or to [sic] Court Rules on Counsel." (Doc. No. 14.)  He asserts that he "can not reply to, the answer of the reply the D.A. put in, until I get help and I'm awaitin[g] on the court ruling of motion for cou[n]sel to help me go further with ap[p]eal[]. or counsel[] ap[p]ointe'd to me!" (*Id.*)  While we will not appoint counsel as set forth above, we will provide Alexander additional time to submit any reply he may wish to make to the Respondents' answer, which was served upon him by mail on December 20, 2010.

AND NOW, this     24th     day of January, 2011, in light of the foregoing, **IT IS HEREBY ORDERED THAT** Petitioner's Motion for Appointment of Counsel (dated Aug. 18, 2010, accompanying Doc. No. 1) is **DENIED WITHOUT PREJUDICE.**  It is **FURTHER ORDERED THAT** Petitioner's Motion for Extension (Doc. No. 14) is **GRANTED** and that Petitioner shall have an extension of time until March 10, 2011 to file any Reply.

BY THE COURT:


 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE