**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEITH ALEXANDER,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **NO. 10-4331** |
| | : | |
| **LOUIS FOLINO, Superintendent of SCI-Greene,** | : | |
| **and the ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| **Respondents.** | : | |

**O R D E R**

**AND NOW** this 6th day of December, 2011, upon consideration of the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by petitioner, Keith Alexander (Document No. 1, filed December 6, 2010), the related submissions of the parties, the record in this case, the Report and Recommendation of United States Magistrate  David R. Strawbridge dated September 27, 2011 (Document No. 17), and Petitioner's Objections to Report and Recommendation (Document No. 20, filed October 17, 2011), **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated September 27, 2011, is **APPROVED** and **ADOPTED**;

2. The Objections filed by petitioner, Keith Alexander, are **OVERRULED** on the ground that the issues raised in the Objections are addressed in the Report and Recommendation which is approved and adopted by the Court;

3. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by petitioner, Keith Alexander, is **DENIED WITHOUT** an **EVIDENTIARY HEARING**; and,

4. A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or this

Court's procedural rulings with respect to petitioner's claims.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that Keith Alexander's Motion for Appointment of Counsel (Document No. 19, filed October 12, 2011) is **DENIED** for the reasons set forth in the Explanation and Order of United States Magistrate Judge David R. Strawbridge dated January 24, 2011, in which he denied a similar motion.  With respect to this ruling, the Court notes that appointment of counsel is appropriate in a habeas corpus matter only when the "interests of justice . . . require" that representation be provided.  *See* 18 U.S.C. § 3006A(a)(2).  This Court, after reviewing the Motion and the record in this case, concludes that the interests of justice do not require appointment of counsel to address the issues raised in the Petition for Writ of Habeas Corpus on the ground that the petition fails to raise any claim entitling petitioner to habeas relief.


**BY THE COURT:**

**/s/ Jan E. DuBois**
_____
**JAN E. DUBOIS, J.**

2