IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH ALEXANDER,<br>　　　　　Petitioner,<br><br>　　v.<br><br>LOUIS FOLINO, Superintendent of SCI-Greene, and the ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>　　　　　Respondents. | CIVIL ACTION<br><br><br><br><br>NO. 10-4331 |

### MEMORANDUM

**DUBOIS, JAN E.**　　　　　　　　　　　　　　　　　　　　　**SEPTEMBER 7, 2018**

*Pro se* petitioner, Keith Alexander, filed his Motion under 28 U.S.C. 60(b)(6 [sic] for Relief of, a [sic] Application Claim of Actual Innocence (Document No. 36, filed November 29, 2017). *Pro se* petitioner previously filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on August 25, 2010 (Document No. 1). The Court considered the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on its merits and denied it by Order dated December 6, 2011. The United States Court of Appeals for the Third Circuit denied pro se petitioner's request for a certificate of appealability on February 24, 2012.

In the instant motion pro se petitioner claims that he is actually innocent of the crimes for which he was convicted in the Philadelphia Court of Common Pleas on April 1, 2005, including conspiracy, attempted murder, aggravated assault, and firearms violations. In addition to his actual innocence claim pro se petitioner argues that his trial counsel was ineffective and that the prosecutor committed a *Brady* violation by failing to disclose the eyewitness testimony of Shawn Gale. *See*, Document No. 36, page 3.

*Pro se* petitioner's claims raise issues under *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

In *McQuiggin,* the Supreme Court held that a convincing showing of actual innocence may overcome the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). *McQuiggin*, 569 U.S. at 386. The *McQuiggin* court went on to state that, for the untimeliness of a *habeas* petition to be excused under the fundamental miscarriage of justice exception, a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" and "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id*. at 386, 401.

The United States Court of Appeals for the Third Circuit recently addressed *McQuiggin* issues in *Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152 (3d Cir. 2017). In *Satterfield*, the Third Circuit reversed the denial of a Rule 60(b) motion filed by a petitioner who claimed that *McQuiggin* was a change in law which constituted extraordinary circumstances and justified relief under Rule 60(b). *Id*., 872 F.3d at 155. The Third Circuit remanded the case to this Court and directed this Court to give full consideration to equitable circumstances, stating that this Court must consider:

> The nature of the change in decisional law must be weighed appropriately in the analysis of pertinent equitable factors. *McQuiggin* implicates the foundational principle of avoiding the conviction of an innocent man and attempts to prevent such a mistake through the fundamental miscarriage of justice exception. If [the petitioner] can make the required credible showing of actual innocence to avail himself of the fundamental miscarriage of justice exception had *McQuiggin* been decided when his petition was dismissed, equitable analysis would weigh heavily in favor of deeming *McQuiggin's* change in law, as applied to [the petitioner]'s case, an exceptional circumstance justifying Rule 60(b) relief.

*Id.*

Upon review of *pro se* petitioner's actual innocence, prejudice and ineffective assistance of counsel claims, the Court determines that they lack merit and must be denied. *Pro se* petitioner's

claims are based on his allegations that he did not have access to the purported exculpatory eyewitness testimony of Shawn Gale until he received the sworn statement of his co-defendant, Terrence Holmes, on May 2, 2016. He claims prejudice as a result of eye witness testimony being withheld and by trial counsel's failure to use the statement for impeachment purposes.

*Pro se* petitioner states in his Memorandum-in-Support that his actual innocence claim is based on an exculpatory statement from a witness, Shawn Gale, which allegedly was withheld by the prosecution "during the jury trial 2004 of June." In support of this argument, *pro se* petitioner attaches as Exhibit B to his Memorandum a letter from Assistant District Attorney M.K. Feeney to his attorney dated December 8, 2004, with which the witness statement for Shawn Gale was enclosed. *Pro se* petitioner's June 2004 trial resulted in a hung jury. He was retried in March of 2005, and found guilty of conspiracy, attempted murder, aggravated assault, and firearms violations. At the time of the retrial defense counsel had in her possession the witness statement of Shawn Gale.

A copy of Shawn Gale's statement is attached to *pro se* petitioner's Rule 60(b) Motion. *Pro se* petitioner does not state in his Motion or Memorandum how Shawn Gale's statement supports his actual innocence claim because it does not mention *pro se* petitioner by name. The only conceivable exculpatory evidence in the statement is what Mr. Gale said about the number of people in the car – one – and the description of that person – "real, real dark, real black, he had a mustache like Muslim wear, and he had brownish dark eyes, he had on a black hat, that's all I saw."

Assuming *arguendo* that the description given by Shawn Gale does not fit *pro se* petitioner, and that his evidence would have been exculpatory for that reason, such evidence of actual innocence is insufficient to persuade the District Court that no juror, acting reasonably, would

3

have voted to find him guilty beyond a reasonable doubt. This conclusion is based on the weakness of the Shawn Gale evidence and the fact that the victim, Maurice Stuart, identified *pro se* petitioner at the March 2005 trial as the driver of the vehicle from which the shooter emerged. *See*, Document No. 17, page 2. *Pro se* petitioner has failed to produce evidence of innocence so strong that the court cannot have confidence in the outcome of the trial as is required by *McQuiggin*, 872 F.3d at 155. Therefore, there is no reason to reconsider the Order of December 6, 2011, in which *pro se* petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus was denied and dismissed, and no reason to vacate the judgment of conviction.

A certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that the petition does not state a valid claim of the denial of a constitutional right, or (b) the propriety of this Court's procedural ruling(s) with respect to petitioner's claim(s). *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.